**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ARETHA DANIELS                                                                                          PLAINTIFF

v.                                                     No. 5:16CV00152 JLH

WALGREEN CO., d/b/a
WALGREENS #15830                                                                                    DEFENDANT

**OPINION AND ORDER**

This is a premises liability case. Aretha Daniels commenced this action in the Circuit Court of Jefferson County, alleging that Walgreen Co.'s negligence caused her to fall and injure herself at a Walgreens pharmacy located in Pine Bluff, Arkansas. She subsequently filed an amended complaint alleging violations of federal laws and regulations,[1] and then she filed a second amended complaint alleging an amount in controversy in excess of $75,000. Walgreens removed the case to this Court and has now filed a motion for summary judgment. For the following reasons, the motion is denied.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute

---

[1] Daniels says that her claim is one for ordinary negligence and that the allegations regarding violations of federal law are relevant only to support her negligence claim. Document #26 at 9.

of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id.*

Negligence is "the failure to do something that a reasonably careful person would do, or the doing of something that a reasonably careful person would not do, under the circumstances." *New Maumelle Harbor v. Rochelle*, 338 Ark. 43, 46, 991 S.W.2d 552, 554 (1999). "The essential elements of a negligence claim are (1) the existence of a duty on the part of the defendant to conform to a specific standard of conduct to protect the plaintiff; (2) breach of that duty by the defendant; (3) injury to the plaintiff actually and proximately caused by the defendant's breach; and (4) resulting damage to the plaintiff or his property." *Cross W. Waste Indus.*, 2015 Ark. App. 476, 7, 469 S.W.3d 820, 825 (2015). As a property owner, Walgreens owed a duty to Daniels, an invitee, to exercise ordinary care to maintain its premises in a reasonably safe condition.[2] *See Cowan v. Ellison Enter., Inc.*, 93 Ark. App. 135, 143, 217 S.W.3d 175, 180 (2005).

The facts of this case are few and simple. On January 31, 2015, Daniels visited the Walgreens pharmacy on East Harding Avenue in Pine Bluff, Arkansas. Daniels entered the pharmacy without incident, but when leaving she tripped on a mat positioned on the concrete

---

[2] The parties agree that Daniels was an invitee. Document #27 at 1, ¶1.

sidewalk immediately outside the door. Daniels had visited that Walgreens many times prior to the incident without trouble. Neither Walgreens nor Daniels knows of anyone else who tripped on the mat. Walgreens submitted security footage of Daniels walking over the mat as she entered the store and tripping over the mat as she exited the store. Document #21-1. Daniels exited the sliding doors and stepped onto the mat with her left foot. Then, her right toe caught the back edge of the mat and lifted it up from underneath, folding part of it over itself. She then lost her balance and tripped over the mat. The video shows that at least the part of the mat that caused Daniels to trip was not secured to the floor surface.

The issue is whether Walgreens breached its duty. Daniels must show either that the presence of the mat on the floor was the result of Walgreens's failure to use ordinary care or that Walgreens knew or reasonably should have known that the mat was a tripping hazard and failed to use ordinary care to remove it. *See Walmart Stores, Inc. v. Regions Bank Trust Dept.*, 347 Ark. 826, 832, 69 S.W.3d 20, 23-24 (2002) (collecting slip-and-fall cases). Walgreens says that Daniels has offered no proof of negligence, apart from the fact that she tripped and fell on the mat. Document #22 at 5. The mere fact that Daniels tripped and fell is not enough to create a genuine dispute as to breach. *See Conagra, Inc. v. Strother*, 340 Ark. 672, 676, 13 S.W.3d 150, 153 (2000). *See also Alexander v. Town and Country Discount Foods, Inc.*, 316 Ark. 446, 447, 872 S.W. 2d 390 (1994) (explaining in case where plaintiff tripped and fell over a mat as she was entering defendant's store that the doctrine of res ipsa loquitur does not apply in slip-and-fall cases). Daniels says that a reasonably careful property owner would not place an unsecured mat immediately outside a building's exit. Document #26 at 3.

The Arkansas Court of Appeals has explained in a case involving an invitee who tripped over a doormat what evidence is necessary to show that a property owner breached its duty. In *AutoZone*

3

*v. Horton*, Wanda Horton fell walking into an AutoZone store. *Autozone v. Horton*, 87 Ark. App. 349, 350, 192 S.W.3d 291, 293 (2004). Horton maintained that her foot got caught in an unsecured doormat that protruded above an adjacent doormat, which caused her to fall. *Id*. AutoZone said it was not negligent and had no knowledge of any "abnormal condition" of the mats. *Id*.

Two former Autozone employees testified at the trial. *Id*. at 351, 192 S.W.3d at 293. The first testified that he tripped over the mats at least twice during his six and a half years at the store, but that he had no knowledge of a customer tripping over the mats. *Id*. The mats curled up several times as he pushed a dolly over them, but he straightened them out afterward. *Id*. The second employee testified that she had never seen the mats overlap one another, except for after Horton tripped. *Id*. The mats did not curl up when she pushed a dolly over them. *Id*. She had no knowledge of anyone other than Horton tripping over the mats. *Id*. at 351, 192 S.W.3d at 293-94.

A jury found for Horton and awarded her $31,000. *Id*. at 350-51, 192 S.W.3d at 293. On appeal, AutoZone argued that "it exercised ordinary care in placing mats in front of its door, that there was no evidence that the mats were placed in any way other than a reasonable manner, and that the mere fact that Horton slipped and fell on the mat does not give rise to any inference of negligence." *Id*. at 354, 192 S.W.3d at 295. Horton argued the AutoZone employee's testimony that he had tripped over the mats and witnessed them curl up was direct evidence that AutoZone knew the mats were a hazard but did nothing about it. *Id*. She also argued that AutoZone should have known that rolling carts or dollies over the mats would cause them to curl up, endangering invitees. *Id*. The court disagreed with Horton:

> Although a former employee of AutoZone testified that he had tripped on the mat and that it buckled when he rolled a heavy dolly across it, he testified that he straightened the mat each time it buckled. He and another former employee stated that they had not seen anyone trip, and neither of them testified that they had seen the mat buckle when used by other employees. Horton herself testified that she

>
> observed the mats to be flat and smooth and that she saw nothing unusual as she approached them.
>
> * * *
>
> The evidence presented, viewed in the light most favorable to Horton, showed that her shoe was under the mat after she fell. The jury could only have speculated that any unusual condition of the mats resulted directly from AutoZone's negligence, and that such condition of the mats caused Horton to fall. The evidence does not establish that AutoZone breached any duty of care to Horton.

*Id*. at 355, 192 S.W.3d at 296.

The facts in this case are similar to those in *Autozone* but with one difference: Daniels has presented evidence that Walgreens' placement of the mat violated the Arkansas Fire Prevention Code.[3]  Document #26 at 8.  In Arkansas, the violation of a statute, code, or regulation does not constitute negligence per se but may be evidence of negligence. *Cent. Oklahoma Pipeline, Inc. v. Hawk Field Servs., LLC*, 2012 Ark. 157, 17, 400 S.W.3d 701, 712.  A violation of a statute, code, or regulation can be considered evidence of negligence even if the statute, code, or regulation is intended to protect a class of persons that does not include the plaintiff. *Koch v. Northport Health Servs. of Ark., LLC*, 361 Ark. 192, 208, 205 S.W.3d 754, 766 (2005) (citing *Dunn v. Brimer*, 259 Ark. 855, 856-57, 537 S.W.2d 164, 166 (1976)).  Even if the regulation is directed at a situation other than the one at hand, it may be "evidence of the type of consideration that should bear on the reasonable person." *Id*.

The Fire Prevention Act charges the Director of the Arkansas State Police or the State Fire Marshal with the responsibility of promulgating and enforcing a fire prevention code.  Ark. Code Ann. § 12-13-101, *et. seq.*  The Arkansas State Police adopted the current Arkansas Fire Prevention

---

[3] Daniels also argues that the mat was a violation of the ADA and OSHA regulations. Because evidence that Walgreens violated the relevant fire code is sufficient to defeat summary judgment, the Court will defer deciding whether the ADA and OSHA regulations are relevant to whether Walgreens breached its duty of care owed to Daniels.

5

Code on January 1, 2014. The code is intended to prevent fires and reduce the number of fire hazard-related concerns; it establishes minimum rules for fire and building safety and binds all cities within the state, though a city is free to enact more stringent rules. *See* Ark. Code Ann. § 12-13-108; 42 Ark. Gov't Reg. 12 (LexisNexis Nov. 2003). Pine Bluff has formally adopted by reference the current edition of the code. Pine Bluff, Ark., Code of Ordinances § 10.51 (2017) (citing Ark. Code Ann. § 14-55-207). Daniels submits the following provisions of the fire code from Volume II Chapter 10, which governs means of egress from buildings, including Walgreens:

> **1001.1 General.** Buildings or portions thereof shall be provided with a *means of egress* system as required by this chapter. The provisions of this chapter shall control the design, construction and arrangement of *means of egress* components required to provide an *approved means of egress* from structures and portions thereof.
>
> **1003.4 Floor surface.** Walking surfaces of the *means of egres*s shall have a slip-resistant surface and be securely attached.

Ark. Fire Prevention Code §§ 1001.1 & 1003.4 (2012).[4] Chapter 2 defines terms used throughout the code, including Chapter 10:

> **MEANS OF EGRESS.** A continuous and unobstructed path of vertical and horizontal egress travel from any occupied portion of a building or structure to a *public way*. A means of egress consists of three separate and distinct parts: the *exit access*, the *exit* and the *exit discharge*.
>
> **EXIT.** That portion of a *means of egress* system between the *exit access* and the *exit discharge* or *public way*. Exit components include exterior exit doors at the *level of exit discharge*, *interior exit stairways*, *interior exit ramps*, *exit passageways*, *exterior exit stairways* and *exterior exit ramps and horizontal exits*.
>
> **EXIT ACCESS.** That portion of a *means of egress* system that leads from an occupied portion of a *building* or *structure* to an *exit*.
>
> **EXIT DISCHARGE.** That portion of a *means of egress* system between the termination of an *exit* and a *public way*.

---

[4] http://codes.iccsafe.org/public/chapter/content/571/.

>  **PUBLIC WAY.** A street, alley or other parcel of land open to the outside air leading to a street, that has been deeded, dedicated or otherwise permanently appropriated to the public for public use and which has a clear width and height of not less than 10 feet (3048 mm).

Ark. Fire Prevention Code § 202 (2012).[5] Walgreens says there is no requirement that a mat be "mechanically attached" to the ground. Document #22 at 10. While that is true, the code nevertheless requires the walking surface to be "securely attached." Ark. Fire Prevention Code § 1003.4. Testimony by Walgreens employees indicate that the mat at issue was not secured to the floor surface in any way, although another mat was secured to the floor surface. Document #25-1 at 2-3. Proof that Walgreens violated the fire code generates a genuine dispute as to whether Walgreens maintained its premises in a reasonably safe condition. *See Ark. La. Gas Co. v. Stracener*, 239 Ark. 1001, 1005, 395 S.W.2d 745, 748 (1965). Therefore, it is for the jury to decide whether Walgreens was negligent.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is DENIED. Document #21.

IT IS SO ORDERED this 26th day of July, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[5] http://codes.iccsafe.org/public/chapter/content/563/.